IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAZMIN RAMOS RAMIREZ<br><br>PLAINTIFFS<br><br>vs.<br><br>RANGER AMERICAN OF PUERTO RICO;<br>TRIPLE-S PROPIEDAD<br><br>DEFENDANTS | CIVIL NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW Plaintiff through the undersigned attorney and respectfully state, allege and pray:

### I. INTRODUCTION

1.1   This is an action between citizens of different states for redress of plaintiff's injuries and damages due to the negligent acts and omissions of defendants, which caused continuous and permanent back pains and injuries to plaintiff Ramos-Ramirez, hereinafter Mrs. Ramos-Ramirez.

### II. JURISDICTION

2.1   This Honorable Court has jurisdiction in this case pursuant to 28 U.S.C. 1332. There is complete diversity of citizenship between the plaintiff and defendants and the amounts in controversy in the claim exceed the sum of $75,000.00 exclusive of interest and costs.

2.2   Venue lies properly in this district inasmuch all of the facts that originate this action occurred within the Commonwealth of Puerto Rico.

2.3     Plaintiff demand trial by jury as to all of the factual and legal issues asserted in this action.

### III.  THE PARTIES

3.1     Plaintiff Ramos-Ramirez is a resident of the state of Connecticut.

3.2     Defendant Ranger American of Puerto Rico (hereinafter "Ranger") is a professional security service corporation registered and authorized to do business in the Commonwealth of Puerto Rico, with its center of operations located in San Juan, Puerto Rico. By information and belief it is alleged that the corporation employed Mrs. Asleen Rivera Velez (hereinafter "Mrs. Rivera Velez") and thus is liable for the negligent acts and omissions of its employee and/or contractor while in functions for the corporation.

3.3     Defendant "Triple-S Propiedad" (hereinafter "Triple-S") is, upon information and belief, an insurance company organized and existing pursuant to the laws of the Commonwealth of Puerto Rico who had issued insurance policies to defendant Ranger in the instant case and, as such, is liable for its negligent actions and/or omissions of its employees and contractors.

3.4     Pursuant to Article 20.030 of the insurance Code of Puerto Rico, 26 LPRA 2003, a direct action may be brought against the casualty for liability insurers of a defendant and said insurer shall be liable subject to the exclusions and limitations of the policy.

### IV.  FACTS COMMON TO ALL CAUSES OF ACTION

4.1     Defendant Ranger, at the time of the facts alleged in this Complaint, was the employer of Mrs. Asleen Rivera Velez. This person, at the moment of the car accident described in this Complaint, was in the course of her job duties.

4.2     Furthermore, the automobile driven by Mrs. Asleen Rivera-Vélez was owned and registered in Ranger's name.

4.3     Defendant Ranger, at the time of the facts alleged in this Complaint, had an insurance contract with Triple-S Propiedad to cover for all damages and injuries caused by negligent acts and/or omissions of its employees.

4.4     On May 18, 2009, Plaintiff Ramos Ramirez was driving her 1990 Mazda 323, plate number BDJ-168, in Road #3, close to the exit to Road #8 from east to west in the city of San Juan, Puerto Rico. Mrs. Rivera Velez, employee of Defendant Ranger, was driving an company owned car owned by Defendant Ranger's 2006 Mazda 3, plate number GPA-241, in the same direction as Plaintiff Ramos Ramirez.

4.5     As Mrs. Rivera Velez approached the exit to Road #8, she did not kept a safe distance between her vehicle and the one that Plaintiff Ramos Ramirez was driving. As a result of such carelessness and negligence, Mrs. Rivera Velez's car impacted with its front part the back part of Plaintiff Ramos Ramirez's car.

4.6     As a consequence from the impact, and whiplash effect,  Plaintiff suffered instant injuries in her back and lumbar areas. Such injuries provoked the need for immediate care from paramedics at the scene of the car accident and further treatment at Hospital Universitario in Carolina.

4.7     Following this accident, Plaintiff Ramos Ramirez, as a result of the injuries suffered, she developed serious back pain, discomfort and other related physical problems. Notwithstanding the treatment plaintiff received for her injuries, including but not limited to multiple physical therapies, medication, as well as anesthesia pain blockage.

4.7     The severe pain that resulted from the injuries suffered caused the need for further treatment to alleviate the constant pain episodes. This situation prevented for weeks for Plaintiff

Ramos Ramirez to be able to return to work. As a result, her main source of income was affected greatly.

4.8     To this day, Plaintiff has continuous and permanent injuries in her mid and lower back. These injuries are compatible with the medical condition known as Whiplash Syndrome. This condition requires constant treatment which Plaintiff has not been allowed to obtain because of lack of resources to acquire private health insurance and because ACAA stopped providing the treatment.

4.9     Plaintiff Ramos Ramirez, due to the pain that results for her permanent injuries, is not able to sit for long periods of time. This condition prevents her from fulfilling, in an effective way, all the requirements of her job as a security officer in the state of Connecticut.

4.10    Defendant Ranger American of Puerto Rico, as an employer of Mrs. Rivera Velez, is fully responsible for all the negligent actions and damages caused by an employee in the course of her duties.

4.11    Triple-S Propiedad, as the insurance company provider of Defendant Ranger is also liable to compensate Plaintiff for all the damages and injuries suffered as a result of said car accident.

## V.  CAUSES OF ACTION

### 1.  FIRST CAUSE OF ACTION

5.1     The foregoing paragraphs are repeated and realleged herein.

5.2     Pursuant to Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 LPRA §5141 and 5142, a person who causes damage to another, through fault and/or negligence, must repair the damage caused.  An employer is liable for his employee's or agent's fault or negligence.

5.3     Defendant Ranger, through its employee Mrs. Rivera Velez, was under duty, at all relevant times, to obey all transit laws of the Commonwealth of Puerto Rico, as well as maintain a responsible and careful conduct in the use of vehicles.

5.4     Defendant Ranger, through its employee Mrs. Rivera Velez, failed to follow the required and expected norms and conducts of driving in the streets of the Commonwealth of Puerto Rico. By failing to do so, Defendant Ranger provoked the car accident described in this Complaint.

5.5     The negligent acts and omissions of defendant Ranger, through its employee, were the proximate cause of Mrs. Ramos Ramirez suffering the continuous and permanent pain and injuries in her mid and lower back. Ranger is also liable for all of plaintiff's suffering and damages, for which reason it is liable to plaintiff for the amounts requested herein below.

## 2. SECOND CAUSE OF ACTION

6.1     The foregoing paragraphs are realleged and reasserted herein.

6.2     Defendant Triple-S Propiedad is liable for the negligence and fault and legal violations of their respective insured up to the insurance coverage limit of each policy issued to their benefit. Plaintiff hereby exercises its right to present a direct action against the aforementioned insurance carrier as permitted by the Insurance Code of Puerto Rico.

## 3. THIRD CAUSE OF ACTION

(Obstinacy)

7.1     Plaintiff realleges as if fully set forth herein the allegations contained in all preceding paragraphs.

7.2     Prior to the filing of this action, Plaintiff tendered several extra-judicial claims to Triple S Propiedad.

7.3     Plaintiff provided Triple S Propiedad with a series of information and documentation that Triple S Propiedad requested to evaluate Plaintiff's claim.

7.4     However, Triple S Propiedad failed to undergo in serious and responsible settlement negotiations with Plaintiff. After various conversations, during which Plaintiff modified her initial monetary demand in an effort to reach a settlement, Triple S Propiedad informed that it rejected Plaintiff settlement demand.

7.5     Such conduct, in which Triple S Propiedad did not make any serious effort to negotiate a settlement agreement, left Mrs. Ramos Ramirez with no other alternative but to initiate this judicial action in order to vindicate her rights.

7.6     Consequently, Triple S Propiedad has incurred in obstinacy and is liable to Plaintiff, in addition to the amounts demanded in the First Cause of Action, for pre-judgment interest and attorney's fees.

## VII.  RELIEF

8.1     Defendants are all jointly and severally liable for plaintiff's damages as they are the tortfeasor and the insurance carrier of such person.

8.2     The Plaintiff have suffered and continue to suffer the adverse mental and emotional consequences due to the continuous and severe back pains, the inability to obtain the needed treatment and the failure to be able to fulfill her work duties.  Moreover, the Whiplash Syndrome suffered due to the impact her car received has caused Plaintiff permanent disability that limit her normal functions in her daily life.  This in turn has caused deep emotional trauma due to the continuous pain, loss of sleep, depression, anxiety, feelings of anger and despair, among others.

8.3     Plaintiff Ramos Ramirez claims all the damages suffered by her (physical and emotional), which damages are estimated in amount not less than $275,000.00.  Furthermore, plaintiff claims the lost income suffered as a result of her inability to work while under ACCA leave and thereafter. It is also reasonable to expect that she will continue to lose wages in the future as her physical condition impairs her ability to work at present. The amounts of lost wages, both past and future are estimated in not less than $100,000.00.  These damages may increase if defendant is determined to be permanently incapacitated and unable to work.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against the defendants, jointly and severally, awarding the amounts set forth above, plus costs, attorney's fees and any other relief that may be deemed just and appropriate.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY: That on May 17, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems.

In San Juan, Puerto Rico, May 17, 2010.

S/RAUL S. MARIANI FRANCO
RAUL S. MARIANI FRANCO
USDC-PR NO.: 210309
P.O. BOX 9022864
SAN JUAN, PR 00902-2864
Tel.: (787) 620-0038/Fax: (787) 620-0039
marianifrancolaw@gmail.com
rmariani@marianifrancolaw.com
ochiebosch@marianifrancolaw.com